IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SCOTT E. ICHNIOWSKI PLAINTIFF

v. Civil No. 2:25-CV-02057-MEF

FRANK BISIGNANO, Commissioner,
Social Security Administration DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Scott Ichniowski, brought this civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's final decision denying disability benefits. (ECF No. 3). The parties consented to the exercise of jurisdiction by a United States Magistrate Judge for all purposes in the case pursuant to 28 U.S.C. § 636(c). (ECF No. 5). On June 18, 2026, the undersigned entered final judgment reversing and remanding the matter pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 21). Presently before the Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("Motion"). (ECF No. 22-23). The Commissioner has filed a Response, stating that he does not oppose Plaintiff's Motion. (ECF No. 24, p. 1-2).

**I. Discussion**

Plaintiff filed his Motion on September 16, 2026, pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). He seeks an EAJA award of attorney fees and costs in the amount of $6,247.50, for 23.75 hours of attorney work performed in 2025 and 2026 at the hourly rate of $252.00, and 3.5 hours of paralegal work performed in the same years at the hourly rate of $75.00. (ECF Nos. 22-23). On September 18, 2026, Defendant filed a response affirmatively stating he has no objection to Plaintiff's prevailing party status, the issue of substantial justification, or the

attorney's itemized request for a total award of $6,247.50, for the previously noted hourly work totals and rates. (ECF No. 24, pp. 1-2).

It is the opinion of the undersigned that Plaintiff is entitled to a fee award in this case. As noted, the Commissioner does not dispute that Plaintiff is the prevailing party, and that the Commissioner's denial of benefits was not substantially justified. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (the Commissioner bears the burden of demonstrating the denial of benefits was substantially justified). In addition, the hourly rates underpinning the requested award do not exceed the maximum hourly rates authorized by law for the years in question, and the time spent representing Plaintiff in this Court is reasonable. (ECF No. 23-1, Ex. A, Itemization of Services Rendered; ECF No. 23-2, Ex. B, Calculation of Attorney Fee Amount). *See* 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990) (court may determine that there has been an increase in the cost of living and may proportionally increase the attorney's rate per hour in accordance with the United States Department of Labor's Consumer Price Index ("CPI")); *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (reasonableness of award entails consideration of the following factors: the time and labor required; difficulty of questions involved; skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Upon consideration of the foregoing authority and relevant factors, the Court concludes that Plaintiff is entitled to a fee award under the EAJA in the amount of $6,247.50.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff but may be awarded directly to his attorney if Plaintiff has executed a

valid assignment to his attorney of all rights in a fee award and owes no outstanding debt to the federal government.

The parties are reminded that, to prevent double recovery by counsel for Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II. Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$6,247.50** for attorney fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 21st day of September 2026.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE